IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

BILLIE RUTH SCHOLL, )
)
      Plaintiff, )
)
v. ) Case No. 12-237-CV-SJ-DPR-SSA
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security,[1] )
)
      Defendant. )
)

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Billie Ruth Scholl in a decision dated July 26, 2011 (Tr. 10-24). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this suit.

305 U.S. 197, 229 (1938)).  "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)).  Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)).  In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)).  A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here.  Plaintiff argues that the ALJ erred in failing to properly consider the claimant's obesity, in assessing her credibility, in determining her Residual Functional Capacity (RFC), and in relying on the testimony of the vocational expert at step five of the evaluation process (Doc. 6).  The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and finds that opinion was based upon substantial evidence on the record as a whole.  The ALJ properly considered the evidence in the record regarding the claimant's impairments; sufficiently supported his credibility determination by citing to inconsistencies between the claimant's subjective complaints and the

2

evidence in the record; properly weighed medical opinion testimony and based the claimant's RFC on medical evidence of record; and properly relied on the testimony of the vocational expert. Moreover, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. As such, the Court will not disturb the ALJ's denial of benefits. The Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: June 24, 2013**

      /s/ *David P. Rush*
      **DAVID P. RUSH**
      **United States Magistrate Judge**